## THE LOWELL M. PALMER.

### MACE v. THE LOWELL M. PALMER.[1]

#### (District Court, S. D. New York. October, 1893.)

COLLISION—STEAM VESSELS MEETING—PROPER SIDE OF CHANNEL — INATTENTION TO SIGNALS.

A steamship and a tug with a tow met in the East river, the tow going up and the steamship coming down. When the tug was below the East River bridge, she three times gave a signal of one whistle to the steamship, which signals were disregarded, and no whistles blown to the tug, until too late to be of any use. The steamship was on the left-hand side of the river, and improperly directing her course towards the Brooklyn shore. There were no obstacles to prevent her going on the New York side. The tug backed as soon as danger of collision became manifest. *Held*, that the steamship was solely liable for the collision.

In Admiralty. Libel by Alfred E. Mace against the tug Lowell M. Palmer for collision. Dismissed.

Convers & Kirlin, for libelant.

Benedict & Benedict, for respondent.

BROWN, District Judge. On the 11th of May, 1892, the steamer Cilurnum, 300 feet long, and of about 1,370 tons register, bound down the East river, soon after passing the Brooklyn bridge came in collision with a railroad float in tow of the tug Lowell M. Palmer, the starboard corner of the float striking the starboard side of the steamer and breaking in some plates, for which damage the above libel was filed.

There is great contradiction in the evidence, both as to the place of collision, and the relative positions of the two vessels during the few minutes previous. In all essential particulars, however, the witnesses for the respondent,—many of whom are from other vessels and apparently wholly disinterested—evidently predominate, and are entitled to superior credit. They establish, without doubt, the fact that the collision was abreast, or very nearly abreast of the Fulton Ferry slip, on the Brooklyn side, and not more than from two to four hundred feet from the dock; that the Palmer, being upon the Brooklyn side of the river, when at least a quarter of a mile below the bridge, saw the Cilurnum above the bridge, and three times gave her a signal of one whistle, indicating that the vessels should each pass to the right, that is, port to port; that the Palmer directed her course still more to the Brooklyn shore; that no attention or answer was given by the Cilurnum to these whistles, nor any whistles blown by her to the Palmer, except two whistles given when she was quite near,—within two or three hundred feet, and too late to be of any use; that the Cilurnum was herself on the left-hand side of the river, and improperly directing her course somewhat towards the Brooklyn shore; that the angle of collision was nearly a right angle, and that the Palmer backed, until at the collision she was heading nearly straight across the river towards the Fulton Ferry slip; and that there were no

[1] Reported by E. G. Benedict, Esq., of the New York bar.

obstacles in the river to prevent the steamer from going to the right, on the New York side.

Under these circumstances, the steamer is plainly in fault, for not observing the whistles of the Palmer; for not going to the right, as was her duty in .that situation; and for making over, on the contrary, towards the Brooklyn side of the river. The Palmer seems to me to have done all that was incumbent upon her, in the endeavor to avoid collision; and the libel must, therefore, be dismissed, with costs.